IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN ALAN GARDNER, CW-3809,   )
      Petitioner,               )
                               )
          v.               )  2:09-cv-00339
                               )
COMMONWEALTH OF         )
PENNSYLVANIA, et al.,       )
      Respondents.       )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Steven Alan Gardner for a writ of

habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant

to 28 U.S.C. 1631 as a successive petition.

II. Report:

Steven Alan Gardner has presented a petition for a writ of habeas corpus for which he has

paid the filing fee.[1]

Gardner is presently incarcerated at the State Correctional Institution at Pittsburgh serving

a life sentence following his conviction, by a jury, of first degree murder at No. CP-10-CR-219-

---

[1] This is not the first habeas corpus petition submitted by Gardner. Civil Action 98-1996
was dismissed for failure to exhaust state court remedies and a certificate of appealability was
denied by the Court of Appeals on December 23, 1999; Civil Action 00-848 was also dismissed
for failure to exhaust state court remedies; Civil Action 01-1459 was dismissed as a mixed
petition and a certificate of appealability was denied by the Court of Appeals on September 27,
2002, and Civil Action No. 07-1164 was dismissed on the merits and a certificate of
appealability was denied by the Court of Appeals on March 14, 2008.

1995 in the Court of Common Pleas of Butler County, Pennsylvania. This sentence was imposed on October 23, 1995.[2]

The instant petition was executed on April 8, 2009.[3] However, this is not the first federal petition submitted by Gardner, but rather his fifth petition. As set forth in footnote 1 above, Civil Actions 98-1996, 00-848 and 01-1459 were dismissed on procedural grounds. However, Civil Action 01-1459 addressed the merits of the petition and was dismissed as without a basis for providing relief. Gardner now returns to this Court with a fifth petition in which he alleges that he is entitled to relief on the following grounds

I. Petitioner is an "innocent individual" and did not commit the crime of murder in that he was acting in self-defense.

II. Defenctive/defiant assistance of trial counsel that would constitute ineffective assistance of counsel.

III. All applicable jury instructions that apply to the charge of criminal homicide were not given.

IV. Pennsylvania State Police misconduct or negligence pertaining to the evidence and their testimony.

V. No coroner's inquest was conducted.

VI. Prosecutorial misconduct or negligence.

VII Insufficient evidence to support a conviction of murder.

---

[2] See: Petition at ¶ 2(b).

[3] Gardner originally submitted a "Motion to Vacate Sentence" which was executed on March 16, 2009. In an Order dated March 20, 2009, Gardner was directed to file his petition for a writ of habeas corpus on the forms adopted by this Court. He did so by submitting the instant petition.

VIII. All court appointed counsel were ineffective. [4]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of Steven Alan Gardner for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

---

[4] See: ¶ 12 of the petition.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: April 13, 2009                                    United States Magistrate Judge